## CHASSANIOL *v.* CITY OF GREENWOOD.

(Division A. Nov. 14, 1932. Suggestion of Error Overruled Nov. 28, 1932.)

[144 So. 548. No. 30237.]

Ward Allen, of Greenwood, for appellant.

A. H. Bell and W. S. Vardaman, Jr., both of Green-wood, for appellee.

Argued orally by **W. S. Vardaman, Jr.,** and **A. H. Bell,** for appellee, and **Ward Allen,** for appellant.

**Smith, C. J.,** delivered the opinion of the court.

The appellant sued the appellee, in a county court, for the amount of privilege taxes alleged to have been paid by him to the appellee for each of several past years.

One of the allegations of the declaration is that: "Plaintiff says that heretofore, after payment of the aforesaid privilege taxes to defendant, and pursuant to section 2591 of the Mississippi Code of 1930, he submitted his application for refund of said taxes, to the governing body of defendant city of Greenwood, but that his said claim was found by said governing body to be not due, and that the clerk of said defendant municipality has failed and refused to audit said claim, and to certify the amount due plaintiff to the mayor of said defendant municipality, and that said mayor has failed and refused to cause a warrant to be issued on the treasury or depository of said defendant municipality to plaintiff, in said amount so due."

The statute there referred to is as follows: "The governing body of all towns, cities and villages is hereby authorized and required to refund erroneously paid privilege tax or ad valorem tax paid such town, city or village. Applicant for such refunds shall submit application to the governing body of such municipality and such claim if found by the governing body to be due, then, the clerk

of said municipality shall audit same and the said clerk, after auditing the account shall certify the amounts due said applicant to the mayor of said municipality, who shall cause warrant to be issued on the treasury or depository, of said municipality in favor of the claimant as certified by the clerk. And the said governing body of the municipality is hereby directed, authorized and required to pay such claims and this regardless of whether the taxes were paid under duress, protest or not.''

A demurrer to this declaration was sustained, and on the appellant's declining to amend, his suit was dismissed. On appeal to the court below, the judgment so doing was affirmed.

One of the appellee's contentions under the demurrer is that it does not appear from the declaration ''that the plaintiff paid the privilege license mentioned in said declaration under protest.'' This objection to the declaration is well taken unless the necessity for such a protest has been abrogated by the last sentence of the statute hereinbefore set out. Schmittler v. Sunflower County, 156 Miss. 227, 125 So. 534, 126 So. 39. This provision of the statute applies only to proceedings under the statute, and not to a direct suit against a municipality. Schmittler v. Sunflower County, supra. It is true that the statute there under consideration was not the one here invoked, but the rule there applied, applies with equal force here.

But it is said by counsel for appellant that this proceeding is under the statute; that having invoked its provisions by filing his claim with the appellee's governing body, he had the right at his election, after its disallowance, to either appeal therefrom under section 61, Code 1930, or to institute a direct suit against the municipality. This is true, but when he instituted a direct suit against the municipality he thereby abandoned the statutory proceeding. The only judgment that the courts below could have here rendered was one granting or denying the ap-

pellant a recovery; and, in the event a recovery was granted, to award him a straight money judgment, which it would have then become the duty of the appellee to pay without further proceeding to ascertain the amount thereof.

Had the appellee's governing body allowed the appellant's claim, he would not have thereby become entitled to recover the amount thereof, but it would have become the duty of the appellee's clerk to audit the same and certify the amount due thereon to the appellee's mayor, who would then have issued a warrant therefor. Section 2591, Code 1930. Had the appellant appealed from the order of the appellee's governing body, disallowing his claim, the court to which the appeal was taken, in the event it reversed that order, would have rendered, not a judgment awarding the appellant a recovery of the amount claimed, but "such judgment as the municipal authorities ought to have rendered;" that is, a judgment that his claim was due. On the certification of that judgment to the appellee's governing body, it would then have become the duty of its clerk and mayor to discharge the duties imposed upon them by section 2591, Code 1930, to the same extent as if the claim had been allowed by the appellee's governing body when presented to it.

Affirmed.